IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANCE SOLANO AND SOLANO - 3161 BIG BEAR, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> AMERICA'S SERVICING COMPANY, *a division of* WELLS FARGO, NA; WELLS FARGO, NA; MORTGAGEIT, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; NDEX WEST, L.L.C.; FINANCIAL TITLE COMPANY; U.S. BANK NA; BANC OF AMERICA FUNDING 2007-6 TRUST; MORTGAGE AND INVESTORS INVESTMENT CONSULTANTS, INC.; and DOES 1-10,000, inclusive, <br><br> Defendants. | 2:10-cv-02426-GEB-GGH <br><br> <u>ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER</u> |

On Friday, September 10, 2010, Plaintiff Constance Solano initiated an action in federal court and moved for a temporary restraining order ("TRO"), seeking to prevent the sale of her home at a trustee's sale scheduled for Monday, September 13, 2010. Plaintiff's TRO application, however, is woefully insufficient. Plaintiff's application fails to address the factors that are to be considered in deciding a request for emergency injunctive relief and asserts a conclusory manner the likelihood of success on the merit factor. <u>See</u> E.D. Cal. R. 231(c)(3) (requiring that a party moving for a TRO file "a brief on all relevant legal issues"); <u>see also</u> <u>Am.</u>

1

1  Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th
2  Cir. 2009) (stating that "[a] plaintiff seeking a preliminary
3  injunction must establish that he is likely to succeed on the merits,
4  that he is likely to suffer irreparable harm in the absence of
5  preliminary relief, that the balance of equities tips in his favor,
6  and that an injunction is in the public interest"); Bouyer v. IndyMac
7  Fed. Bank, No. C-08-05582 EDL, 2009 WL 1765668, at *1 (N.D. Cal. June
8  18, 2009) (stating that "[r]equests for temporary restraining orders
9  are governed by the same general standards that govern the issuance of
10 a preliminary injunction").  Further, it is unclear which of
11 Plaintiff's claims, if any, form the basis of her request for
12 injunctive relief.  In addition, Plaintiff has not demonstrated that
13 she has provided "actual notice" to the affected parties as required
14 by the Eastern District's Local Rule.  See E.D. Cal. R. 231(a)
15 (prescribing that "[e]xcept in the most extraordinary of
16 circumstances, no temporary restraining order shall be granted in the
17 absence of actual notice to the affected party and/or counsel").
18 Lastly, Plaintiff has not explained why she waited until the eve of
19 the foreclosure sale to seek relief.  Since Plaintiff has "unduly
20 delayed in seeking . . . relief," "th[is] delay constitutes laches"
21 and provides an independent basis for denying Plaintiff's motion.
22 E.D. Cal. 231(b).

        For the above stated reasons, Plaintiff's ex parte motion
for a TRO is DENIED.

Dated: September 10, 2010

                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge