IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANCE SOLANO, | 2:10-cv-02426-GEB-GGH |
| Plaintiff, | |
| v. | ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTION TO STRIKE AS MOOT |
| AMERICA'S SERVICING COMPANY, a division of WELLS FARGO, NA; WELLS FARGO, NA; MORTGAGEIT, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; NDEX WEST, LLC; U.S. BANK NA; BANC OF AMERICA FUNDING 2007-6 TRUST; MORTGAGE AND INVESTORS INVESTMENT CONSULTANTS, INC., | |
| Defendants. | |

Defendant MortgageIT, Inc. ("MortgageIT") moves for dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing Plaintiff fails to state a viable claim against it. MortgageIT also moves to strike Plaintiff's punitive damages allegations under Rule 12(f). Defendant NDeX West, LLC ("NdeX") joins MortgageIT's dismissal motion.

Defendants Wells Fargo Bank, N.A. dba America's Servicing Company ("Wells Fargo Bank"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and U.S. Bank N.A. as Trustee for Banc of America Funding 2007-6 Trust ("U.S. Bank") (collectively referred to as "Wells Fargo

1  Defendants") also seek dismissal of Plaintiff's claims under Rule
2  12(b)(6).
3        Plaintiff filed a late opposition to all three motions.

### I. LEGAL STANDARD

"In reviewing the dismissal of a complaint, we inquire whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, --- F.3d ----, 2011 WL 1053366, at *4 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009)). The material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. See al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, this tenant "is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

### II.
### REQUEST FOR JUDICIAL NOTICE

Defendants' dismissal motions include requests that the Court take judicial notice of two Deeds of Trust, which are recorded with the Placer County Recorder. (MortgageIT's Req. for Judicial Notice ("RJN") Exs. A, C; Wells Fargo Defs.' RJN, Ex. A.)

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks and citation omitted). However, a court may consider matters properly subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Since the two Deeds of Trust are publically recorded, they are capable of accurate determination and may be judicially noticed. See W. Fed. Sav. & Loan Ass'n v. Heflin Corp., 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county's public record, including deeds of trust). Therefore, the two Deeds of Trust are judicially noticed.

MortgageIT also requests that the Court consider a "Home Equity Credit Line Agreement and Disclosure Statement" between Plaintiff and MortgageIT under the "incorporation by reference doctrine." (MortgageIT's RJN, Ex. B.) owever, since the document is not referenced in the complaint, this request is denied. See In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999) (stating the incorporation by reference doctrine "permits a district court to consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading" (quotation omitted)).

### III. BACKGROUND

On or about March 23, 2007, Plaintiff obtained two loans, which were secured by her real property, located at 3161 Big Bear Drive, Roseville, CA. (MortgageIT's RJN, Exs. A, C.) The primary loan was for $592,000.00 (the "Primary Loan"), and the second loan was for $83,000.00 (the "Secondary Loan"). Id.

The Deed of Trust on the Primary Loan identifies Mortgage & Investment Consultants, Inc. as the lender, Financial Title Company as trustee, and MERS as beneficiary. Id., Ex. A. The Deed of Trust on the Secondary Loan identifies MortgageIT as the lender, Financial Title Company as trustee, and MERS as beneficiary. Id., Ex. C. Plaintiff alleges Wells Fargo Bank subsequently began servicing the loans. (Compl. ¶¶ 2, 21-22.)

On or about March 4, 2010, NdeX West, LLC filed a Notice of Trustee Sale in connection with the Primary Loan, in which it indicated Plaintiff's property was in foreclosure. Id., ¶24, Ex. D.

An Assignment of Deed of Trust dated March 29, 2010, assigned and transferred to U.S. Bank "all beneficial interest under [the] Deed of Trust" on the Primary Loan. (Compl., Ex. E.) U.S. Bank substituted NdeX, West L.L.C., as trustee of the Deed of Trust on the Primary Loan on April 9, 2010. Id., Ex. F.[1]

---

[1] The Assignment of Deed of Trust, Substitution of Trustee, and Notice of Default "may be considered" in ruling on Defendants' Rule 12(b)(6) motions, since they are attached to Plaintiff's Complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) (stating "material which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion).

4

1 Plaintiff alleges the foreclosure sale was scheduled for
2 September 13, 2010. Id., ¶ 24. It is unclear what, if anything, occurred
3 on this date.
4 Plaintiff's claims stem from her allegations that Defendants
5 have acted improperly from the loans' origin through foreclosure. Id. ¶¶
6 25-28.

### IV. DISCUSSION

Plaintiff's Complaint comprises twelve claims. MortgageIT and the Wells Fargo Defendants (the "Movants") challenge the sufficiency of every claim in their dismissal motions.

### A.  Breach of Contract

Movants seek dismissal of Plaintiff's breach of contract claim, arguing, *inter alia*, Plaintiff does not allege facts supporting the elements of this claim. (MortgageIT's Mot. 4:11-12; Wells Fargo Defs.' Mot. 7:3-6.)

In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008).

Plaintiff's breach of contract claim is based upon allegations that Defendants violated the Home Ownership Equity Protection Act ("HOEPA") by failing to make certain required disclosures prior to when her loan transactions closed; and, by "engaging in a pattern and practice of extending credit to Plaintiff without regard to her ability to pay." (Compl. ¶ 44.)  However, a plaintiff "must . . . do something  more . . . than merely point to allegations of a statutory

violation" to allege a breach of contract claim. Berger v. Home Depot, 476 F. Supp. 2d 1174, 1177 (C.D. Cal. 2007). Further, although Plaintiff references the existence of multiple written agreements in the introductory allegations of her Complaint (a Promissory Note, Deed of Trust and Modification Agreement), it is unclear which, if any, of the agreements form the basis of her breach of contract claim, and Plaintiff does not allege a breach of the terms of any referenced agreement. (Compl. ¶¶ 19, 21, 29.) Therefore, Plaintiff's breach of contract claim against the Movants is dismissed.

**B. RESPA**

Movants also seek dismissal of Plaintiff's 12 U.S.C. § 2607 Real Estate Settlement Procedures Act ("RESPA") claim, arguing, *inter alia*, it is barred by the one-year statute of limitations. (MortgageIT's Mot. 5:13-16; Wells Fargo Defs.' Mot. 5:16-20.) Plaintiff counters that the statute of limitations should be equitably tolled. (Pl.'s Opp'n ¶ 35.)

"The primary ill that § 2607 is designed to remedy is the potential for unnecessarily high settlement charges, . . . caused by kickbacks, fee-splitting, and other practices that suppress price competition for settlement services. This ill occurs, if at all, when the plaintiff pays for the tainted service, typically at the closing." Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1195 (E.D. Cal. 2010) (quoting Snow v. First Am. Title Ins. Co., 332 F.3d 356, 359-60 (5th Cir. 2003)). 12 U.S.C. § 2614 provides that a section 2607 claim "may be brought . . . [within] 1 year . . . from the date of the occurrence of the violation[.]" "Barring extenuating circumstances, the date of the occurrence of the violation is the date on which the loan closed." Ayala v. World Savings Bank, FSB, 616 F. Supp. 2d 1007, 1020

(C.D. Cal. 2009) (internal quotation marks and citation omitted); see also Jensen, 702 F. Supp. 2d at 1195 (stating that "courts have considered the 'occurrence of the violation' as the date the loan closed.").

Here, Plaintiff's loans "closed" on March 23, 2007. Therefore, the one-year statute of limitations expired on March 23, 2008. However, Plaintiff did not file her Complaint in this action until September 10, 2010. Further, neither Plaintiff's complaint nor her opposition explains why she could not have discovered Defendants' alleged section 2607 violation within the one-year statutory period. Therefore, Plaintiff has not shown that the doctrine of equitable tolling applies to her section 2607 claim, and this portion of the Movants' dismissal motion is granted.

### C. TILA Rescission

Movants also seek dismissal of Plaintiff's Truth in Lending Act ("TILA") rescission claim, arguing it is barred by the applicable three-year statute of limitations. (MortgageIT's Mot. 5:24-6:6; Wells Fargo Defs.' Mot. 5:12-13.)

A borrower's right to rescind a loan transaction under TILA "expire[s] three years after the date of the consummation of the transaction[.]" 15 U.S.C. § 1635(f). "Consummation" is defined under the statute as "the time that a consumer becomes contractually obligated on a credit transaction." Grimes v. New Century Mortgage Corp., 340 F.3d 1007, 1009 (9th Cir. 2003) (quoting 12 C.F.R. § 226.2(a)(13)). This three-year limitations period "represents an absolute limitation on rescission actions [and] bars any claims filed more than three years after the consummation of the transaction. Therefore, § 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction

7

when a § 1635 claim is brought outside of the three-year limitation period." Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (internal quotation marks and citation omitted).

Since Plaintiff consummated her loans on March 23, 2007, the three-year statute of limitations expired on March 23, 2010. However, Plaintiff alleges in the complaint that she did not notify Defendants of her "elect[ion] to rescind the transaction" until she filed her Complaint on September 10, 2010. (Compl. ¶ 60.) Therefore, the court lacks subject matter jurisdiction over Plaintiff's TILA rescission claim, and this claim is dismissed against all Defendants with prejudice. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) . . . without notice where the claimant cannot possibly win relief."); see also Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (stating court may enter sua sponte dismissal as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants).

**D.    FCRA Claim**

Movants also seek dismissal of Plaintiff's Fair Credit Reporting Act ("FCRA") claim alleged under 15 U.S.C. § 1681s, arguing there is no private right of action for reporting inaccurate consumer credit information under subsection 2(a), and Plaintiff has alleged insufficient facts to support a claim under subsection 2(b). (MortgageIT's Mot. 8:14-9:3, Wells Fargo Defs.' Mot. 6:10-22.) Since Plaintiff's FCRA claim is premised upon subsection 2(b) only, Movants' argument concerning subsection 2(a) is irrelevant. (Compl. ¶ 63.)

The FCRA imposes responsibilities on the sources that provide credit information to credit reporting agencies ("CRA's"). Gorman v.

8

1  Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153-54 (9th Cir. 2009)
2  (quotation omitted). The duties imposed by subsection 2(b) of the FCRA
3  are "triggered only when a [source of credit information] receives
4  notice of a dispute from a [CRA] that has itself received notice of a
5  dispute from a consumer." Pineda v. GMAC Mortgage, LLC, No. CV 08-5341
6  AHM (PJWx), 2009 WL 1202885, at *4 (C.D. Cal. Apr. 30, 2009) (citation
7  omitted); see also Clark v. FLA Card Services, N.A., No. C 09-5240 SBA,
8  2010 WL 2232161, at *3 (N.D. Cal. June 3, 2010) (citing Gorman, 584 F.3d
9  at 1154).

10      Plaintiff's FCRA claim includes the following allegations:

> Defendants wrongfully, improperly, and illegally reported negative information as to the Plaintiff to one or more credit reporting agencies, resulting in Plaintiff having negative information on her credit reports and the lowering of her FICO scores.
>
> A.  The negative information included but was not limited to an excessive amount of debt into which Plaintiff was tricked into seed [sic] into signing;
>
> B.  Notwithstanding the above, Plaintiff has paid each and every payment on time from the time of the closing of the loan and until Plaintiff's default.
>
> Pursuant to 15 USC § 1681 (s)(2)(b), Plaintiff is entitled to maintain a private cause of action against Defendants for an award of damages in an amount to be proven at the time of trial for all violations of The Fair Credit Reporting Act which caused actual damages to Plaintiff, including emotional distress and humiliation.

Id. ¶¶ 62-63. These allegations are insufficient to state a FCRA subsection 2(b) claim since Plaintiff does not allege that she disputed any negative information with a CRA or that notice of such dispute was provided to any Defendant. Therefore, Plaintiff's FRCA claim against the Movants is dismissed. See Clark, 2010 WL 2232161, at * 3 (dismissing the plaintiff's FRCA claim where the complaint included "no allegations that

Plaintiff disputed any charges with any credit reporting bureau or that notice of such dispute was provided to [defendant]").

### E. Negligent Misrepresentation

Movants also seek dismissal of Plaintiff's negligent misrepresentation claim, arguing, *inter alia*, that this claim fails to comply with Rule 9(b)'s heightened pleading standard. (MortgageIT's Mot. 12:2-10; Wells Fargo Defs.' Mot. 10:21-22.)

Plaintiff's negligent misrepresentation claim includes the following allegations:

> Defendants knowingly and intentionally concealed material information from Plaintiff which is required by federal and state statutes and regulations to be disclosed to the Plaintiff both before and after closing.
>
> Defendants also materially misrepresented material information to the Plaintiff with full knowledge of Defendants at their affirmative representations were false, fraudulent, and misrepresented the truth at the time said representations were made.

(Compl. ¶¶ 66-67.)

Rule 9(b)'s heightened pleading standard applies to "averments of fraud" in all civil cases, regardless of whether or not "fraud" is an essential element of the claim. Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103-05 (9th Cir. 2003). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The required specificity includes the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d at 764 (internal quotation marks and citation omitted). Further, in alleging fraud against multiple defendants,

10

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiff[] to differentiate [her] allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. . . . [A] plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme.

Id. at 764-65 (quotations omitted).

Plaintiff's conclusory "averments of fraud" do not provide the specificity required by Rule 9(b) since they lack sufficient detail concerning the time, date, and place of the alleged misrepresentations and non-disclosures, and the identity of the individual(s) who made them. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125-27 (9th Cir. 2009) (holding allegations concerning false representations and non-disclosures "are grounded in fraud" and are subject to Rule 9(b)). Plaintiff's allegations also fail to distinguish among the defendants. Therefore, Plaintiff's negligent misrepresentation claim against the Movants is dismissed.

### F.  Breach of Fiduciary Duty

Movants also seek dismissal of Plaintiff's breach of fiduciary duty claim, arguing Plaintiff does not allege the necessary existence of a fiduciary relationship with any Movant. (MortgageIT's Mot. 11:8-9, 11:17-18; Wells Fargo Defs.' Mot. 8:7-21.)

In California, to state a claim for breach of fiduciary duty, a plaintiff must allege: (1) the existence of a fiduciary relationship; (2) the breach of that relationship; and (3) damage proximately caused thereby. Roberts v. Lomanto, 112 Cal. App. 4th 1553, 1562 (2003).

"Breach of fiduciary duty is a tort that by definition may be committed by only a limited class of persons." 1-800 Contacts, Inc. v. Steinberg, 107 Cal. App. 4th 568, 592 (2003). As a general rule, "a loan

11

transaction is [an] at arms-length [transaction] and there is no fiduciary relationship between the borrower and lender." <u>Oaks Mgmt. Corp. v. Superior Court</u>, 145 Cal. App. 4th 453, 466 (2006). Further, loan servicers typically do not have a fiduciary relationship with borrowers. <u>See</u> <u>Linder v. Aurora Loan Servicing, LLC</u>, No. 2:09-cv-03490-JAM-KJM, 2010 WL 1525399, at *5 (E.D. Cal. Apr. 15, 2010); <u>Moreno v. Citibank, N.A.</u>, No. C-09-5339 CW, 2010 WL 103822, at *3 (N.D. Cal. Mar. 19, 2010).

Plaintiff's fiduciary duty claim contains the following allegations::

> Defendants, by . . . contracting to provide mortgage loan services and a loan program to Plaintiff which was not only to be best suited to the Plaintiff given her income and expenses, but by which Plaintiff would also be able to satisfy her obligations without risk of losing her home, were "fiduciaries" in which Plaintiff reposed trust and confidence . . . .
>
> Defendants breached their fiduciary duties to the Plaintiff by fraudulently inducing Plaintiff to enter into a mortgage transaction which was contrary to the Plaintiff stated intentions; contrary to the Plaintiff's interest; and contrary to the Plaintiff's preservation of her home.

(Compl. ¶¶ 73-74.) These allegations are insufficient to show the existence of a fiduciary relationship between Plaintiff and any Movant. <u>See</u> <u>Pajarillo v. Bank of America</u>, No. 10CV937 DMS (JMA), 2010 WL 4392551, at *5 (S.D. Cal. Oct. 28, 2010) (dismissing breach of fiduciary claim based upon identical allegations to those plead in this case). Therefore, Plaintiff's breach of fiduciary duty claim against the Movants is dismissed.

**G.   Unjust Enrichment**

Movants also seek dismissal of Plaintiff's unjust enrichment claim, arguing, *inter alia,* an unjust enrichment claim cannot be stated

1  "where there exists between the parties a valid express contract
2  covering the same subject matter." (MortgageIT's Mot. 12:4-8, 13:5-15;
3  Wells Fargo Defs.' Mot. 8:23.)

4  Plaintiff's unjust enrichment claim is based upon an alleged
5  "implied contract" ensuring she "understood all fees which would be paid
6  to the Defendants to obtain credit on [her] behalf" and that she would
7  not be "charge[d] any fees which were not related to the settlement of
8  the loan and without full disclosure" of the same. (Compl. ¶ 76.)
9  However, under California law, "it is well settled that an action based
10 upon an implied-in-fact or quasi-contract cannot lie where there exists
11 between the parties a valid express contract covering the same subject
12 matter." Lance Camper Manufacturing Corp. v. Republic Indemnity Company
13 of America, 44 Cal. App. 4th 194, 203 (1996); see also Paracor Finance,
14 Inc. v. General Electric Capital Corp., 96 F.3d 1151, 1167 (9th Cir.
15 1996) (stating under California law "unjust enrichment is an action in
16 quasi-contract, which does not lie when an enforceable, binding
17 agreement exists defining the rights of the parties"). Here, Plaintiff
18 entered into two loans, secured by Deeds of Trust, and alleges to have
19 entered into a written loan modification agreement with Wells Fargo.
20 (Compl. ¶¶ 18-19, 21; MortgageIT's RJN, Exs. A, C.) Further, none of
21 Plaintiff's allegations plausibly suggest that valid contracts did not
22 exist between the parties. Therefore, Plaintiff's unjust enrichment
23 claim against the Movants is dismissed. See Smith v. Aurora Loan
24 Services, No. CIV S-10-0198 MCE DAD P, 2010 WL 3504899, at *4 (E.D. Cal.
25 Sep. 7, 2010) (stating "[t]he complaint does not allege sufficient facts
26 to maintain a plausible claim for unjust enrichment" where the plaintiff
27 "alleges Plaintiff and Defendants entered into the Loan, and no
28

allegations in the complaint support a claim that no contract exists between the parties").

### H. Civil RICO

Movants also seek dismissal of Plaintiff's civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claim, arguing Plaintiff did not adequately plead its elements, and the allegations were not plead with the required specificity. (MortgageIT's Mot. 15:9-18; Wells Fargo Defs.' Mot. 12:2-6, 13:3-6.)

18 U.S.C. § 1962 identifies the activities which are prohibited under RICO. "Subsections (a), (b) and (c) [of § 1962] provide for stand-alone RICO violations, while subsection (d) makes it a crime to conspire to commit a violation of subsections (a), (b) or (c)." Pindeda v. Reyes, No. 09-cv-01938-H-WMc, 2009 WL 3388376, at *8 (S.D. Cal. Oct. 20, 2009) (citing 15 U.S.C. § 1962). Since subsections (a), (b) and (c) each criminalize different conduct, "the elements a plaintiff must plead and prove to prevail under each subsection are therefore different." Id.

In addition, the Ninth Circuit "applie[s] the particularity requirements of [R]ule 9(b) to [averments of fraud in] RICO claims." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989). Therefore, Plaintiff's fraud allegations in her RICO claim must "identify the time, place and manner of each fraud plus the role of each defendant in each scheme." Id. (quotation omitted).

Plaintiff's civil RICO claim contains the following allegations:

> Defendants' actions and use of multiple corporate entities, multiple parties, and concerted and predetermined acts and conduct specifically designed to defraud Plaintiff constitutes an "enterprise", with the aim and objective at the enterprise bean [sic] to perpetuate a fraud upon

14

> the Plaintiff through the use of intentional nondisclosure, material misrepresentation, and creation of the fraudulent loan documents.

(Compl. ¶ 88.)

These conclusory allegations are insufficient to state a civil RICO claim. Plaintiff does not identify "the subsection of 15 U.S.C. § 1962 which Defendants allegedly violate, and the . . . allegations fail to 'give defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Pindeda v. Reyes, 2009 WL 3388376, at *8 (quoting Twombly, 550 U.S. at 555.) Further, Plaintiff does not allege facts concerning the time, date, and place of the alleged misrepresentations and non-disclosures, the identity of who made them, or the role of each Defendant in the "enterprise." Therefore, Plaintiff's civil RICO claim against the Movants is dismissed.

**I.   Quiet Title**

Movants also seek dismissal of Plaintiff's quiet title claim, arguing, *inter alia,* Plaintiff has not pled her ability to tender the amount of her debt. (MortgageIT's Mot. 16:11-124; Wells Fargo Defs.' Mot. 11:3-11.)

Under California law, it is well-settled that "a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." Briosos v. Wells Fargo Bank, 737 F. Supp. 2d 1018, 1032 (N.D. Cal. 2010) (quoting Shimpones v. Stickney, 219 Cal. 637, 649 (1934) (citations omitted)). Therefore, "to maintain a quiet title claim, a plaintiff 'is required to allege tender of the proceeds of the loan at the pleading stage.'" Id. (quoting Velasquez v. Chase Home Finance, LLC, No. C 10-01641 SI, 2010 WL 3211905, at *4 (N.D. Cal. Aug. 12, 2010)); see also Hensley v. Bank of New York Mellon, No. 1:10-CV-1316 AWI SMS, 2010 WL 5418862, at *3 (E.D. Cal. Dec. 23, 2010) (dismissing quiet title

15

claim where the plaintiff did "not allege that she has tendered, or is able to tender").

Plaintiff does not allege tender of the amount of debt owed, or her ability to tender, under her quiet title claim. She does allege the following under her breach of contract claim, which is incorporated by reference into her quiet title claim: "Upon the true 'lenders' full performance of its obligations under HOEPA, Plaintiff shall tender all sums to which the true lender is entitled." (Compl. ¶¶ 49, 111.) However, "[a] tender must be one of full performance and must be unconditional to be valid." Arnolds Management Corp. v. Eischen, 158 Cal. App. 3d 575, 5780 (1984) (citations omitted). Therefore, Plaintiff's quiet title claim against the Movants is dismissed.

**J.  Usury and Fraud**

Movants also seek dismissal of Plaintiff's "usury and fraud" claim, arguing Plaintiff failed to allege that the interest rate on either loan exceeded the statutory minimum. (MortgageIT's Mot. 17:5-7; Wells Fargo Defs.' Mot. 13:7-9.) The Wells Fargo Defendants also argue the claim was not plead with the specificity Rule 9(b) requires. (Wells Fargo Defs.' Mot. 12:2-6.)

Plaintiff's "usury and fraud" claim contains the following allegations:

> [T]he subject loan, notes, and mortgage were structured so as to create the appearance of a higher value of real property than the actual fair market value.
>
> Defendants disguised the transaction to create the appearance of the lender being a properly chartered and registered financial institution . . . when in fact the real party in interest was not disclosed to Plaintiff, and neither were the various fees, rebates, refunds, kickbacks, profits and gains of the various parties who participated in this unlawful scheme.

>     Said real party in interest . . . was neither a financial institution or an entity . . . authorized . . . to do business in the state, nor to act as banking, lending or other financial institution anywhere else.
>
>     As such, this fraudulent scheme . . . was in fact a sham to use Plaintiff's interest in the real property to collect interest in excess of the legal rate. . . .
>
>     The transaction of all the loan of money pursuant to a written agreement, and as such, subject to the rate limitation set forth under state and federal law. The "formula break" a reference to end these laws was exceeded by a factor in excess of 10 contrary to the applicable law and contrary to the requirements for disclosure under TILA and HOEPA.

(Compl. ¶¶ 105-09.)

Although Plaintiff alleged "Usury and Fraud" as a single claim, they are separate claims under California law. Therefore, the sufficiency of Plaintiff's allegations are addressed separately under each claim.

Under California law, the elements of a usury claim are: "(1) The transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction." Ghirardo v. Antonioli, 8 Cal. 4th 791, 798 (1994). "A loan that charges an interest rate greater than 10 percent per annum is usurious." 321 Henderson Receivables Origination LLC v. Sioteco, 173 Cal. App. 4th 1059, 1076 (2009).

Plaintiff does not allege the rate of interest charged on either of her two loans, or that it exceeded the maximum rate allowable by law. Therefore, Plaintiff's usury claim against the Movants is dismissed. See Parjarillo, 2010 WL 4392551, at *8 (dismissing usury

1 claim when the plaintiff failed to "sufficiently allege how the interest
2 . . . received by Defendants exceeded the statutory maximum rate").

3 Under California law, the elements of a fraud claim are: (1) misrepresentation (including, false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. Engalla v. Permanente Medical Group, Inc., 15 Cal. 4th 951, 974 (1997). A claim for fraud in federal court must satisfy Rule 9(b)'s heightened pleading requirements. See Vess, 317 F.3d at 1103.

Plaintiff's conclusory allegations concerning Defendants' "fraudulent scheme" do not provide the specificity required by Rule 9(b). Therefore, Plaintiff's fraud claim against the Movants is dismissed.

**K.   Wrongful Foreclosure**

Movants also seek dismissal of Plaintiff's wrongful foreclosure claim, arguing, *inter alia*, that Plaintiff lacks standing to challenge the foreclosure since "[she] does not make a valid tender offer." (Wells Fargo Defs.' Mot. 9:9-10:11.)

To state a wrongful foreclosure claim, "a plaintiff must allege a credible tender of the amount of the secured debt . . . ." Roque v. Suntrust Mortg., Inc., No. C-09-00040 RMW, 2010 WL 546896, at *4 (N.D. Cal. Feb. 10, 2010) (citing Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (1996)); see also Guerrero v. Greenpoint Mortgage Funding, Inc., No. 10-15333, 2010 WL 4117102, at *1 (9th Cir. Oct. 20, 2010) (stating the plaintiffs "lacked standing to bring a claim for 'wrongful foreclosure,' because they failed to allege actual, full and unambiguous tender of the debt owed on the mortgage").

Since Plaintiff does not allege tender of the amount of debt owed, or her ability to tender, her wrongful foreclosure claim against the Movants is dismissed.

### L. Civil Conspiracy

Movants also seek dismissal of Plaintiff's civil conspiracy claim, arguing it is not an independent cause of action, and Plaintiff has not plead an underlying tort against them. (MortgageIT's Mot. 13:19-21, 14:1-2; Wells Fargo Defs.' Mot. 12:11-13:2.) The Wells Fargo Defendants further argue that Plaintiff's civil conspiracy claim was not plead with the necessary specificity. (Wells Fargo Defs.' Mot. 12:2-6.)

"Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equipment Corp., Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510 (1994) (citation omitted). "Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort." Id. at 511. Further, to allege a civil "conspiracy to defraud," a complaint must meet the particularity requirements of [Rule] 9(b). Sandry v. First Franklin Financial Corp., No. 1:10-cv-01923-OWW-SKO, 2011 WL 202285, at *4 (E.D. Cal. Jan. 20, 2011).

Since Plaintiff's tort claims have been dismissed against the Movants, and Plaintiff's conclusory allegations that Defendants "agreed . . . to engage in [a] conspiracy to defraud" Plaintiff "for the common purpose of accruing economic gains for themselves at the expense of and detriment to Plaintiff" do not provide the specificity required by Rule 9(b), Plaintiff's civil conspiracy claim against the Movants is dismissed.

## V. CONCLUSION

For the stated reasons, each Movant's dismissal motion is GRANTED. Therefore, MortgageIT's motion to strike is DENIED as moot. Plaintiff is granted fourteen (14) days from the date on which this order is filed to file a First Amended Complaint addressing the deficiencies in any claim dismissed without prejudice.

This action may be dismissed with prejudice against the Movants under Federal Rule of Civil Procedure 41(b) if Plaintiff fails to file an amended complaint within the prescribed time period.

Dated: May 3, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge