IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONSTANCE SOLANO and the SOLANO  )
FAMILY TRUST,                     )      2:10-cv-02426-GEB-GGH
                                  )
            Plaintiffs,           )
                                  )      <u>ORDER GRANTING MOTIONS TO</u>
      v.                          )      <u>DISMISS</u>
                                  )
AMERICA'S SERVICING COMPANY, *a*  )
*division of* WELLS FARGO, NA;    )
MORTGAGEIT, INC.; MORTGAGE        )
ELECTRONIC REGISTRATION SYSTEMS,  )
INC.; NDEX WEST, LLC; FINANCIAL   )
TITLE COMPANY; U.S. BANK NA;      )
BANC OF AMERICA FUNDING 2007-6    )
TRUST; MORTGAGE AND INVESTORS     )
INVESTMENT CONSULTANTS, INC.,     )
and DOES 1-10,000, inclusive,     )
                                  )
            Defendants.           )
_____  )

          Defendant MortgageIT, Inc. ("MortgageIT") moves for dismissal of Plaintiffs' First Amended Complaint ("Amended Complaint") under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing Plaintiffs fail to state a viable claim against it.

          Defendants Wells Fargo Bank, N.A. dba America's Servicing Company ("Wells Fargo Bank"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and U.S. Bank N.A. as Trustee for Banc of America Funding 2007-6 Trust ("U.S. Bank") (collectively referred to as "Wells Fargo Defendants") also seek dismissal of Plaintiffs' claims under Rule

12(b)(6).  Defendant NDeX West, LLC ("NDeX") joins Wells Fargo Defendants' dismissal motion.

For the reasons stated below, the motions to dismiss are granted.

## I. LEGAL STANDARD

"In reviewing the dismissal of a complaint, we inquire whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009)). The material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. Al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, this tenet "is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (internal citation omitted).

## II. BACKGROUND

On or about March 23, 2007, Plaintiff Constance Solano ("Solano") obtained two loans, which were secured by her real property, located at 3161 Big Bear Drive, Roseville, CA (the "Property"). (First Amended Complaint ("FAC") ¶¶ 1, 18, 25.) The primary loan was for

$592,000.00 (the "Primary Loan"), and the second loan was for $83,000.00 (the "Secondary Loan"). (FAC ¶¶ 19, 25.) However, Plaintiffs do not distinguish between the two loans within the Amended Complaint. In their opposition brief, Plaintiffs argue "all of the securitization and chain of title problems apply equally to [the Secondary Loan]." (Pl.'s Opp'n 13:14-19.) Therefore, unless otherwise indicated, it is assumed each claim refers to both the Primary and Secondary loans.

On or about May 12, 2007, Solano "grant deeded the subject property to . . . Solano-3161 Big Bear, LLC" ("Solano-3161"). (FAC ¶ 20.) On or about July 1, 2010, Solano-3161 "quitclaimed the subject property to the Solano Family Trust." Id.

The Deed of Trust on the Primary Loan identifies Mortgage & Investment Consultants, Inc., as the lender, Financial Title Company as trustee, and MERS as beneficiary. Id. Ex. A. The Deed of Trust on the Secondary Loan identifies MortgageIT as the lender, Financial Title Company as trustee, and MERS as beneficiary. Id. Ex. B. Plaintiffs allege Wells Fargo Bank subsequently began servicing the loans. Id. ¶¶ 2, 21-22.

An Assignment of Deed of Trust dated March 29, 2010, assigned and transferred to U.S. Bank "all beneficial interest under [the] Deed of Trust" on the Primary Loan. Id. Ex. E. U.S. Bank substituted NDeX as trustee of the Deed of Trust on the Primary Loan on April 9, 2010. Id. Ex. F.

On or about March 8, 2010, an agent of NDeX signed and recorded a Notice of Default, naming NDeX as the trustee. Id. ¶ 24. On or about June 9, 2010, NDeX filed a Notice of Trustee Sale in connection with the Primary Loan, in which it indicated the Property was in foreclosure. Id. ¶ 24, Ex. G.

1    On January 5, 2011, U.S. Bank purchased the Property in a

2  foreclosure sale from NDeX West, the foreclosing beneficiary. Id. ¶ 24,

3  Ex. I.[1]  Plaintiffs remain in possession of the property. Id. ¶ 24.

4    Plaintiffs' claims stem from their allegations that Defendants

5  have acted improperly from the loans' origin through foreclosure. Id.

6  ¶¶ 25-30.

7                        **III. DISCUSSION**

8    Defendants filed earlier dismissal motions challenging

9  Plaintiffs' Complaint, which were granted with leave to amend as to all

10  but the TILA Rescission claim, which was dismissed with prejudice.

11  Plaintiffs subsequently filed their Amended Complaint on May 11, 2011,

12  which comprises thirteen claims.

13  **A.   Breach of Contract**

14    Movants seek dismissal of Plaintiffs' following two claims

15  based in breach of contract: a violation of the Home Ownership

16  Protection Act ("HOEPA") and a breach of the security instrument.

17    Movants seek dismissal of Plaintiffs' HOEPA claim, arguing,

18  _inter alia_, the HOEPA rescission claim is barred by the three-year

19  statute of limitations and the HOEPA damages claim is barred by the one-

20  year statute of limitations. (MortgageIT's Mot. 6:4-9; Wells Fargo

21  Defs.' Mot. 4:5-6.)

22    Plaintiffs allege Defendants Mortgage & Investors, MERS,

23  MortgageIT, and U.S. Bank violated HOEPA by failing to make certain

24  _____

25    [1]    The two Deeds of Trust, Assignment of Deed of Trust,
   Substitution of Trustee, Notice of Default, Notice of Trustee Sale, and

26  Trustee's Deed upon Sale "may be considered" in ruling on Defendants'
   Rule 12(b)(6) motions, since they are attached to Plaintiffs' Amended

27  Complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896
   F.2d 1542, 1555 n.19 (9th Cir. 1989) (stating "material which is

28  properly submitted as part of the complaint may be considered" in ruling
   on a Rule 12(b)(6) motion).

required disclosures prior to when their loan transactions closed; and, by "[e]ngaging in a pattern and practice of extending credit to Plaintiffs without regard to her ability to pay." (FAC ¶ 64.) Plaintiffs allege they "have a legal right to resend [sic] the consumer credit transaction" and "Defendants [are] liable to the Plaintiffs for [damages]." (FAC ¶¶ 65, 69.)

"HOEPA is an amendment of TILA, and therefore is governed by the same remedial scheme and statutes of limitations as TILA." Hamilton v. Bank of Blue Valley, 746 F. Supp. 2d 1160, 1179 (E.D. Cal. 2010) (citation and internal quotation marks omitted). A borrower's right to rescind a loan transaction under TILA "expire[s] three years after the date of the consummation of the transaction[.]" 15 U.S.C. § 1635(f) (2010). "Consummation" is defined under the statute as "the time that a consumer becomes contractually obligated on a credit transaction." Grimes v. New Century Mortg. Corp., 340 F.3d 1007, 1009 (9th Cir. 2003) (quoting 12 C.F.R. § 226.2(a)(13)(2010)). This three-year limitations period "represents an absolute limitation on rescission actions [and] bars any claims filed more than three years after the consummation of the transaction. Therefore, § 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside of the three-year limitation period." Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (internal quotation marks and citation omitted).

Since Plaintiffs allege "[o]n or about March 23, 2007," Solano "executed a written Promissory Note," the three-year statute of limitations expired on or about March 23, 2010. (FAC ¶ 19.) However, Plaintiffs did not rescind the transaction until they filed their Complaint on September 9, 2010. (Compl. ¶ 119; ECF No. 1.) Therefore,

the Court lacks subject matter jurisdiction over Plaintiffs' HOEPA rescission claim, and this claim is dismissed against all Defendants with prejudice. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) . . . without notice where the claimant cannot possibly win relief.").

HOEPA damages claims are also subject to TILA's statute of limitations. See Hamilton, 746 F. Supp. 2d at 1179. An action under TILA for actual or statutory damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e)(2010). "[A]s a general rule[, this] limitations period starts [to run] at the consummation of the transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). Therefore, the statute of limitations on Plaintiffs' HOEPA damages claim expired on or about March 23, 2008.

Plaintiffs allege equitable tolling for their HOEPA damages claim as follows:

> Plaintiffs first learned of the actions of Defendants, including their failure to disclose and the fraud committed upon them in May of 2010. Any applicable statute of limitations should run from this date. . . . Plaintiff could not have learned of these violations at the time the loan was obtained by looking at her loan documents and escrow closing statements as the true facts of the lender and the securitization of her note and deed of trust and the fees attached thereto, which were undisclosed to her, were not apparent from the face of the loan documents, nor deed of trust.

(FAC ¶ 72.) Further, Plaintiffs assert "a lay Plaintiff without legal knowledge as to the aforementioned federal statutes and state causes of action would not have been able to discover what Defendants failed to disclose." (Pl.'s Opp'n 15:12-14.) These tolling allegations are insufficient to justify equitable tolling since Plaintiffs have not

alleged facts demonstrating they were prevented from discovering Defendants' alleged HOEPA violations within the one-year statutory period. See Davis v. Mortgageit, Inc., No. Civ. S-09-3028 FCD/GGH, 2010 WL 2943162, at *3-4 (E.D. Cal. July 23, 2010) (finding equitable tolling inapplicable in a case where Plaintiffs argued it was only after performing a Forensic Loan Document Audit that they discovered the alleged TILA violations since Plaintiffs "could have conducted an audit of their documents, forensic or otherwise" within the limitations period); see also Ahmad v. World Savings Bank, at *2 (finding equitable tolling inapplicable since plaintiff failed to allege facts explaining how she was prevented from comparing her loan documents and disclosures with TILA statutory and regulatory requirements to discover alleged TILA disclosure violations). Plaintiffs "have offered no factual allegations to show that they were unable to compare the allegedly improper disclosures in the loan documents with the required disclosures under . . . HOEPA." Wadhwa v. Aurora Loan Servs., LLC, 2011 WL 1601593, at *3 (E.D. Cal. Apr. 27, 2011). Therefore, Plaintiffs' HOEPA damages claim is dismissed against all Defendants.

Movants also seek dismissal of Plaintiffs' breach of security instrument claim, arguing "there are no facts pled to support [the] elements" of a breach of contract claim. (MortgageIT's Mot. 19:11-12; Wells Fargo Defs.' Mot. 7:19-22.)

In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239

(2008). This breach of contract claim is premised on Plaintiffs' invalid Substitution of Trustee allegation, as follows:

> The Substitution of Trustee in this case is void, due to fraud, and was not executed in compliance with California Civil Code § 29[2]4(a). The Substitution of Trustee was invalid also because it was not executed by the Lender, per requirement of the Deed of Trust. The duly appointed Trustee under the Deed of Trust as of the recording of the Notice of Default on March 8, 2010 was Financial Title Co. NdexWest was [n]ever effectively substituted as trustee. . . . The Notice of Default was recorded PRIOR to the assignment, which if it were the true holder-in-due-course, it would be mandatory to obtain beneficial interest in the Deed of Trust, prior to invoking foreclosure. . . .

> The fraudulent assignment was recorded AFTER the Notice of Default, which proves the Notice of Default was void at its inception and recording on March 8, 2010. . . .

(FAC ¶¶ 148-49.) Under California Civil Code § 2924(a), "a trustee, mortgagee or beneficiary or any of their authorized agents may conduct the foreclosure process by filing a Notice of Default." <u>Wood v. Aegis Wholesale Corp.</u>, 2009 WL 1948844, at *3 (E.D. Cal. July 6, 2009) (internal quotation omitted). "[A]ny of the beneficiary's authorized agents" may file the Notice of Default, and "it is immaterial to the validity of the foreclosure process that [NDeX West] filed the Notice of Default before [NDeX West] was officially substituted as trustee." <u>Id.</u> at *4. Therefore, Plaintiffs' allegation that "the fraudulent assignment was recorded AFTER the Notice of Default, which proves the Notice of Default was void at its inception and recording" is without merit. (FAC ¶ 149.) Therefore, Plaintiffs' breach of security instrument claim is dismissed.

### B.   RESPA

Movants seek dismissal of Plaintiffs' 12 U.S.C. § 2607 Real Estate Settlement Procedures Act ("RESPA") claim, arguing, *inter alia*,

it is barred by the one-year statute of limitations. (MortgageIT's Mot. 5:13-16; Wells Fargo Defs.' Mot. 5:16-20.) Plaintiffs counter that the statute of limitations should be equitably tolled. (Pls.' Opp'n ¶ 35.)

"The primary ill that § 2607 is designed to remedy is the potential for unnecessarily high settlement charges, . . . caused by kickbacks, fee-splitting, and other practices that suppress price competition for settlement services. This ill occurs, if at all, when the plaintiff pays for the tainted service, typically at the closing." Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1195 (E.D. Cal. 2010) (quoting Snow v. First Am. Title Ins. Co., 332 F.3d 356, 359-60 (5th Cir. 2003)). 12 U.S.C. § 2614 provides that a § 2607 claim "may be brought . . . [within] 1 year . . . from the date of the occurrence of the violation[.]" "Barring extenuating circumstances, the date of the occurrence of the violation is the date on which the loan closed." Ayala v. World Sav. Bank, FSB, 616 F. Supp. 2d 1007, 1020 (C.D. Cal. 2009) (internal quotation marks and citation omitted); see also Jensen, 702 F. Supp. 2d at 1195 ("[C]ourts have considered the 'occurrence of the violation' as the date the loan closed.").

Here, Plaintiffs' loans "closed" on or about March 23, 2007. Therefore, the one-year statute of limitations expired on March 23, 2008. However, Plaintiffs did not file their Complaint in this action until September 9, 2010. Further, Plaintiffs' Amended Complaint does not sufficiently explain why they could not have discovered Defendants' alleged § 2607 violation within the one-year statutory period. Plaintiffs assert the following explanation:

> Plaintiff could not have learned of these violations at the time the loan was obtained by looking at her loan documents and escrow closing statements as the true facts of the lender and the securitization of her note and deed of trust and the fees attached, which were undisclosed to her,

were not apparent from the face of the loan documents, nor deed of trust.

(FAC ¶ 77.) Further, Plaintiffs argue "a lay Plaintiff without legal knowledge as to the aforementioned federal statutes and state causes of action would not have been able to discover what Defendants failed to disclose." (Pls.' Opp'n 15:12-14.) These assertions are insufficient to justify equitable tolling of the statute-of-limitations period, since Plaintiffs "failed to plead any facts demonstrating that [they] could not have discovered the alleged RESPA violations by exercising due diligence." Quiroz v. Countrywide Bank, N.A., WL 3849909, at *6 (C.D. Cal. Nov. 16, 2009). Therefore, Plaintiffs have not shown the doctrine of equitable tolling applies to their § 2607 claim.

In the Court's May 3, 2010 Order, Plaintiffs were granted leave "to file a First Amended Complaint addressing the deficiencies in any claim dismissed without prejudice." (Order, May 3, 2010 ("Order") 20:5-6.) Plaintiff's RESPA claim was previously dismissed since "Plaintiff has not shown that the doctrine of equitable tolling applies to her section 2607 claim." Id. 7:11-12. Since Plaintiffs have not cured these deficiencies, it is clear "any amendment would be futile, [and] there [is] no need to prolong the litigation by permitting further amendment." Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002). Therefore, Plaintiffs' RESPA claim is dismissed with prejudice.

## C.   TILA Rescission

Movants seek dismissal of Plaintiffs' Truth in Lending Act ("TILA") rescission claim, since the claim was dismissed with prejudice in the May 3, 2011 Order: "[T]he court lacks subject matter jurisdiction over Plaintiff's TILA rescission claim, and this claim is dismissed against all Defendants with prejudice." (Order 8:8-11.) Since Plaintiffs

allege an identical TILA rescission claim, each Movant's dismissal motion is granted.

### D.   FCRA Claim

Movants also seek dismissal of Plaintiffs' Fair Credit Reporting Act ("FCRA") claim alleged under 15 U.S.C. § 1681s, arguing Plaintiffs have alleged insufficient facts to support a claim under subsection 2(b). (MortgageIT's Mot. 9:20-10:17; Wells Fargo Defs.' Mot. 7:10-17.)

The FCRA imposes responsibilities on the sources that provide credit information to credit reporting agencies ("CRAs"). Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153-54 (9th Cir. 2009) (quotation omitted). The duties imposed by subsection 2(b) of the FCRA are "triggered only when a [source of credit information] receives notice of a dispute from a [CRA] that has itself received notice of a dispute from a consumer." Pineda v. GMAC Mortgage, LLC, No. CV 08-5341 AHM (PJWx), 2009 WL 1202885, at *4 (C.D. Cal. Apr. 30, 2009) (citation omitted); see also Clark v. FLA Card Services, N.A., No. C 09-5240 SBA, 2010 WL 2232161, at *3 (N.D. Cal. June 3, 2010) (citing Gorman, 584 F.3d at 1154).

Plaintiffs' FCRA claim comprises the following allegations:

Defendants wrongfully, improperly, and illegally reported negative information as to Plaintiffs to one or more credit reporting agencies, resulting in Plaintiffs having negative information on their credit reports and the lowering of their FICO scores.

A.   The negative information included, but was not limited to, an excessive amount of debt into which Plaintiffs were tricked into seed [sic] into signing;

B.   Notwithstanding the above, Plaintiffs have paid each and every payment on time from the time of the closing of the loan and until Plaintiffs' default.

> Pursuant to 15 USC § 1681 (s)(2)(b), Plaintiffs are entitled to maintain a private cause of action against Defendants for an award of damages in an amount to be proven at the time of trial for all violations of The Fair Credit Reporting Act which caused actual damages to Plaintiffs, including emotional distress and humiliation.

(FAC ¶¶ 84-85.) These allegations are insufficient to state an FCRA subsection 2(b) claim since Plaintiffs do not allege that they disputed any negative information with a CRA or that notice of such dispute was provided to any Defendant. See Clark, 2010 WL 2232161, at * 3 (dismissing the plaintiff's FRCA claim where the complaint included "no allegations that Plaintiff disputed any charges with any credit reporting bureau or that notice of such dispute was provided to [defendant]").

Since Plaintiffs' FCRA claim was previously dismissed with leave to amend for the same reasons and Plaintiffs have failed to cure the insufficiencies in their subsection 2(b) FCRA allegations, further leave to amend would be futile. (Order 9:23-27, 20:5-6.) Therefore, Plaintiffs' FRCA claim against the Movants is dismissed with prejudice.

### E.   Negligent Misrepresentation

Movants also seek dismissal of Plaintiffs' negligent misrepresentation claim, arguing, *inter alia*, that this claim fails to comply with Rule 9(b)'s heightened pleading standard. (MortgageIT's Mot. 12:2-10; Wells Fargo Defs.' Mot. 10:21-22.)

Plaintiffs' negligent misrepresentation claim includes the following allegations:

> Defendants knowingly and intentionally concealed material information from Plaintiffs which is required by federal and state statutes and regulations to be disclosed to the Plaintiffs both before and after closing.

12

> Defendants also materially misrepresented material information to the Plaintiffs with full knowledge of Defendants at their affirmative representations were false, fraudulent, and misrepresented the truth at the time said representations were made. Specifically, Defendants disguised the mortgage transaction to create the appearance of the lender's being a properly chartered and registered financial institution, authorized to do business and to enter into the subject transaction, when in fact the real party in interest was not disclosed to Plaintiffs, and neither were the various fees, rebates, refunds, kickbacks, profits and gains of the various parties who participated in this unlawful scheme. . . .
>
> As such, this fraudulent scheme . . . was in fact a sham to use Plaintiffs' interest in the real property to collect interest in excess of the legal rate.

(FAC ¶¶ 89-92.)

Rule 9(b)'s heightened pleading standard applies to "averments of fraud" in all civil cases, regardless of whether "fraud" is an essential element of the claim. <u>Vess v. Ciba-Geigy Corp.</u>, 317 F.3d 1097, 1103-05 (9th Cir. 2003). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The required specificity includes the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks and citation omitted). Further, in alleging fraud against multiple defendants,

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiff[] to differentiate [her] allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. . . . [A] plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme.

Id. at 764-65 (internal quotations omitted).

Plaintiffs' conclusory "averments of fraud" do not provide the specificity required by Rule 9(b) since they lack sufficient detail concerning the time, date, and place of the alleged misrepresentations and non-disclosures, and the identity of the individuals who made them. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125-27 (9th Cir. 2009) (holding that allegations concerning false representations and non-disclosures "are grounded in fraud" and are subject to Rule 9(b)). Plaintiffs' allegations also fail to distinguish among the Defendants. Plaintiffs attempt to clarify these allegations in their opposition brief, but their arguments merely demonstrate the lack of requisite specificity in their negligent misrepresentation claim: "Plaintiff's Cause of Action for negligent misrepresentation is adequately pled in that the misrepresentations arise out of her loan agreement with Defendants." (Pls.' Opp. 16:15-16.)

Since Plaintiffs' negligent misrepresentation claim was dismissed with leave to amend for the same reasons and Plaintiffs have failed to sufficiently detail the "averments of fraud" under Rule 9(b) standards, further leave to amend would be futile. (Order 11:7-11, 20:5-6.) Therefore, Plaintiffs' negligent misrepresentation claim against the Movants is dismissed with prejudice.

**F.   Breach of Fiduciary Duty**

Movants also seek dismissal of Plaintiffs' breach of fiduciary duty claim, arguing Plaintiffs do not allege the necessary existence of a fiduciary relationship with any Movant. (MortgageIT's Mot. 12:20-21, 13:8-17; Wells Fargo Defs.' Mot. 9:15-10:11.)

In California, to state a claim for breach of fiduciary duty, a plaintiff must allege: (1) the existence of a fiduciary relationship;

(2) the breach of that relationship; and (3) damage proximately caused thereby. <u>Roberts v. Lomanto</u>, 112 Cal. App. 4th 1553, 1562 (2003).

"Breach of fiduciary duty is a tort that by definition may be committed by only a limited class of persons." <u>1-800 Contacts, Inc. v. Steinberg</u>, 107 Cal. App. 4th 568, 592 (2003). As a general rule, "a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender." <u>Oaks Mgmt. Corp. v. Superior Court</u>, 145 Cal. App. 4th 453, 466 (2006). Further, loan servicers typically do not have a fiduciary relationship with borrowers. <u>See</u> <u>Linder v. Aurora Loan Servicing, LLC</u>, No. 2:09-cv-03490-JAM-KJM, 2010 WL 1525399, at *5 (E.D. Cal. Apr. 15, 2010); <u>Moreno v. Citibank, N.A.</u>, No. C-09-5339 CW, 2010 WL 103822, at *3 (N.D. Cal. Mar. 19, 2010).

Plaintiffs' fiduciary duty claim contains the following allegations:

> Defendants, by . . . contracting to provide mortgage loan services and a loan program to Plaintiff which was not only to be best suited to the Plaintiffs given their income and expenses, but by which Plaintiffs would also be able to satisfy their obligations without risk of losing their home, were "fiduciaries" in which Plaintiffs reposed trust and confidence . . . .
>
> Defendants breached their fiduciary duties to Plaintiffs by fraudulently inducing Plaintiffs to enter into a mortgage transaction which was contrary to Plaintiffs' stated intentions; contrary to Plaintiffs' interest; and contrary to the Plaintiffs' preservation of their home.

(FAC ¶¶ 99-100.) These allegations are insufficient to show the existence of a fiduciary relationship between Plaintiffs and any Movant. <u>See</u> <u>Pajarillo v. Bank of Am.</u>, No. 10CV937 DMS (JMA), 2010 WL 4392551, at *5 (S.D. Cal. Oct. 28, 2010) (dismissing a breach of fiduciary claim based upon identical allegations to those plead in this case).

Since Plaintiffs' breach of fiduciary duty claim was previously dismissed with leave to amend for the same reasons and Plaintiffs have failed to cure the insufficient allegations in their Amended Complaint, further leave to amend would be futile. (Order 12:19-20, 20:5-6.) Therefore, Plaintiffs' breach of fiduciary duty claim against the Movants is dismissed with prejudice.

**G.   Unjust Enrichment**

Movants also seek dismissal of Plaintiffs' unjust enrichment claim, arguing, *inter alia,* an unjust enrichment claim cannot be stated "where there exists between the parties a valid express contract covering the same subject matter." (MortgageIT's Mot. 15:6-22; Wells Fargo Defs.' Mot. 10:14-23.)

Plaintiffs' unjust enrichment claim is based upon an alleged "implied contract" ensuring they "understood all fees which would be paid to the Defendants to obtain credit on [their] behalf" and that they would not be "charge[d] any fees which were not related to the settlement of the loan and without full disclosure" of the same. (FAC ¶ 105.) However, under California law, "it is well settled that an action based upon an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter." Lance Camper Mfg. Corp. v. Republic Indem. Co., 44 Cal. App. 4th 194, 203 (1996); see also Paracor Fin., Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996) (stating under California law "unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties"). Here, Plaintiffs obtained two loans, secured by Deeds of Trust, and allege to have entered into a written loan modification agreement with Wells Fargo. (FAC ¶¶ 18-19, 21, 25, 160.)

16

None of Plaintiffs' allegations plausibly suggest that valid contracts did not exist between the parties. See <u>Smith v. Aurora Loan Servs.</u>, No. CIV S-10-0198 MCE DAD P, 2010 WL 3504899, at *4 (E.D. Cal. Sept. 7, 2010) ("The complaint does not allege sufficient facts to maintain a plausible claim for unjust enrichment [where the Plaintiff] alleges Plaintiff and Defendants entered into the Loan, and no allegations in the complaint support a claim that no contract exists between the parties.").

Since Plaintiffs' unjust enrichment claim was previously dismissed with leave to amend for the same reasons and Plaintiffs have failed to cure the deficiencies in their Amended Complaint, further leave to amend would be futile. (Order 1:20-23, 20:5-6.) Therefore, Plaintiffs' unjust enrichment claim against the Movants is dismissed with prejudice.

**H.   Civil RICO**

Movants also seek dismissal of Plaintiffs' civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claim, arguing, *inter alia*, Plaintiffs' allegations were not pled with the required specificity. (MortgageIT's Mot. 15:9-18; Wells Fargo Defs.' Mot. 13:3-6, 14:2.)

The Ninth Circuit "applie[s] the particularity requirements of [R]ule 9(b) to [averments of fraud in] RICO claims." <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 541 (9th Cir. 1989). Therefore, Plaintiffs' fraud allegations in their RICO claim must "identify the time, place and manner of each fraud plus the role of each defendant in each scheme." <u>Id.</u> (internal quotation omitted).

Plaintiffs' civil RICO claim contains the following allegations:

Defendants' actions and use of multiple corporate entities, multiple parties, and concerted and predetermined acts and conduct specifically designed to defraud Plaintiffs constitutes an "enterprise", with the aim and objective of the enterprise being to perpetuate a fraud upon the Plaintiffs through the use of intentional nondisclosure, material misrepresentation, and creation of the fraudulent loan documents. . . .

Plaintiffs allege that the exhibits attached to this Amended Complaint, show the false and fraudulent documents filed with the Placer County Recorder Office constitutes probable cause for granting all relief requested in this First Amended Complaint. Plaintiffs allege that Defendants did, each, act wrongfully to take and deprive them of their property, knowing that they, without their knowledge converted their note and deed of trust to a Mortgage Backed Security, to charge them for insurance and other forms of credit enhancements, which have paid Plaintiffs' note, thereby falsely claiming a "default" on the obligation.

At various times and places enumerated, all Defendants did acquire and/or maintain, directly or indirectly, an interest in or control of a RICO enterprise of individuals who were associated in fact and who did engage in, and whose activities did affect, interstate and foreign commerce . . . .

During the pertinent time in question, all Defendants did cooperate jointly and severally in the commission of two or more of the RICO predicate acts . . . .

(FAC ¶¶ 121, 126-28.)

These allegations are insufficient to state a civil RICO claim. Plaintiffs do not allege facts concerning the time, date, and place of the alleged misrepresentations and non-disclosures, the identity of who made them, or the role of each Defendant in the "enterprise." Further, Plaintiffs' vague allegation that "exhibits attached to this Amended Complaint, show the false and fraudulent documents" does not meet the requisite specificity required under Rule 9(b). (FAC ¶ 126.)

Since Plaintiffs' civil RICO claim was previously dismissed with leave to amend for the same reasons, and Plaintiffs have again failed to meet the requisite specificity required under Rule 9(b), further leave to amend would be futile. (Order 15:4-12, 20:5-6.) Therefore, Plaintiffs' civil RICO claim against the Movants is dismissed with prejudice.

## I.   Quiet Title

Movants also seek dismissal of Plaintiffs' quiet title claim, arguing, *inter alia,* Plaintiffs have not pled their ability to tender the amount of their debt. (MortgageIT's Mot. 21:20-22:3; Wells Fargo Defs.' Mot. 11:1-5.)

Under California law, it is well-settled that "a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." Briosos v. Wells Fargo Bank, 737 F. Supp. 2d 1018, 1032 (N.D. Cal. 2010) (citing Shimpones v. Stickney, 219 Cal. 637, 649 (1934)). Therefore, "to maintain a quiet title claim, a plaintiff 'is required to allege tender of the proceeds of the loan at the pleading stage.'" Id. (quoting Velasquez v. Chase Home Fin., LLC, No. C 10-01641 SI, 2010 WL 3211905, at *4 (N.D. Cal. Aug. 12, 2010)); see also Hensley v. Bank of New York Mellon, No. 1:10-CV-1316 AWI SMS, 2010 WL 5418862, at *3 (E.D. Cal. Dec. 23, 2010) (dismissing a quiet title claim where the plaintiff did "not allege that she has tendered, or is able to tender").

Plaintiffs do not satisfy this pleading requirement. They allege the following under their breach of contract claim, which is incorporated by reference into the quiet title claim: "Upon the true 'lenders' full performance of its obligations under HOEPA, Plaintiffs shall tender all sums to which the true lender is entitled." (FAC ¶¶ 68, 173.) However, "[a] tender must be one of full performance and must be

19

unconditional to be valid." <u>Arnolds Mgmt. Corp. v. Eischen</u>, 158 Cal. App. 3d 575, 578 (1984) (citations omitted). Plaintiffs argue this pleading requirement need not be satisfied here: "[t]ender is not required . . . when the owner's action attacks the validity of the underlying debt because the tender would constitute an affirmation of the debt." (Pls.' Opp'n 24:4-7 (citing <u>Onofrio v. Rice</u>, 55 Cal. App. 4th 413, 424 (1997).) However, Plaintiffs have not sufficiently attacked the validity of the underlying debt in their Amended Complaint.

Since Plaintiffs' quiet title claim was previously dismissed with leave to amend for the same reasons, and Plaintiffs have again failed to "allege tender of the amount of debt owed," further leave to amend would be futile. (Order 16:3-4, 20:5-6.) Therefore, Plaintiffs' quiet title claim against the Movants is dismissed with prejudice.

**J.   Usury and Fraud**

Movants also seek dismissal of Plaintiffs' "usury and fraud" claim, arguing Plaintiffs failed to allege that the interest rate on either loan exceeded the statutory minimum. (MortgageIT's Mot. 18:16-18; Wells Fargo Defs.' Mot. 13:12-18.) Further, Movants argue Plaintiffs have not sufficiently amended their complaint to "satisfy Rule 9(b)'s heightened pleading standards." (MortgageIT's Mot. 19:1-3; Wells Fargo Defs.' Mot. 11:7-9.)

Plaintiffs' "usury and fraud" claim contains the following allegations:

> [T]he subject loan, notes, and mortgage were structured so as to create the appearance of a higher value of real property than the actual fair market value.
>
> Defendants disguised the transaction to create the appearance of the lender's being a properly chartered and registered financial institution . . . when in fact the real party in interest was not disclosed to Plaintiffs, and neither were the

various fees, rebates, refunds, kickbacks, profits
and gains of the various parties who participated
in this unlawful scheme.

Said real party in interest . . . was neither
a financial institution nor an entity . . .
authorized . . . to do business in the state, nor
to act as banking, lending or other financial
institution anywhere else.

As such, this fraudulent scheme . . . was in
fact a sham to use Plaintiffs' interest in the real
property to collect interest in excess of the legal
rate. . . .

The transaction of all the loan of money was
pursuant to a written agreement, and as such,
subject to the rate limitation set forth under
state and federal law. The "formula break" a
reference to end these laws was exceeded by a
factor in excess of 10 contrary to the applicable
law.

(FAC ¶¶ 140-44.)

Although Plaintiffs alleged "usury and fraud" as a single

claim, they are separate claims under California law. Therefore, the

sufficiency of Plaintiffs' allegations are addressed separately under

each claim.

Under California law, the elements of a usury claim are: "(1)

The transaction must be a loan or forbearance; (2) the interest to be

paid must exceed the statutory maximum; (3) the loan and interest must

be absolutely repayable by the borrower; and (4) the lender must have a

willful intent to enter into a usurious transaction." Ghirardo v.

Antonioli, 8 Cal. 4th 791, 798 (1994). "A loan that charges an interest

rate greater than 10 percent per annum is usurious." 321 Henderson

Receivables Origination LLC v. Sioteco, 173 Cal. App. 4th 1059, 1076

(2009).

Plaintiffs do not allege the rate of interest charged on

either of the two loans, or that either rate exceeded the maximum rate

allowable by law. Therefore, Plaintiffs' usury claim is insufficient to

state an actionable claim. See Pajarillo v. Bank of America, No. 10CV937 DMS (JMA), 2010 WL 4392551, at *8 (S.D. Cal. Oct. 28, 2010) (dismissing a usury claim when the plaintiff failed to "sufficiently allege how the interest . . . received by Defendants exceeded the statutory maximum rate").

Under California law, the elements of a fraud claim are: (1) misrepresentation (including, false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. Engalla v. Permanente Med. Grp., Inc., 15 Cal. 4th 951, 974 (1997). A claim involving fraud must satisfy Rule 9(b)'s heightened pleading requirements. Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103 (9th Cir. 2003).

Plaintiffs' conclusory allegations concerning Defendants' "fraudulent scheme" do not provide the specificity required by Rule 9(b). In their Amended Complaint, Plaintiffs allege no additional facts concerning either the "various fees, rebates, refunds, kickbacks, profits and gains" or the "rate limitation set forth under state and federal law." (FAC ¶¶ 141, 144.) Plaintiffs repeat the allegation that Defendants entered the disguised transaction "to create the appearance of being a properly chartered and registered financial institution," but do not specify which Defendants engaged in the transaction or identify which transaction is at issue, as is required by Rule 9(b). (FAC ¶¶ 90-92, 112-114, 141-43.) In fact, Plaintiffs state in their opposition brief that "[d]iscovery is necessary to determine each Defendant's role and liability in the case." (Pls.' Opp. 21:26-27.)

Since Plaintiffs' "usury and fraud" claim was previously dismissed with leave to amend for the same reasons, and Plaintiffs have

failed to cure the deficiencies in their Amended Complaint, further leave to amend would be futile. (Order 12:19-20, 20:5-6.) Therefore, Plaintiffs' "usury and fraud" claim against the Movants is dismissed with prejudice.

### K.   Wrongful Foreclosure

Movants also seek dismissal of Plaintiffs' wrongful foreclosure claim, arguing, *inter alia*, that Plaintiffs lack standing to challenge the foreclosure since Plaintiffs failed to allege tender of the amounts due. (MortgageIT's Mot. 20:13-17; Wells Fargo Defs.' Mot. 11:1-5.)

To state a wrongful foreclosure claim, "a plaintiff must allege a credible tender of the amount of the secured debt . . . ." Roque v. Suntrust Mortg., Inc., No. C-09-00040 RMW, 2010 WL 546896, at *4 (N.D. Cal. Feb. 10, 2010) (citing Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (1996)); see also Guerrero v. Greenpoint Mortg. Funding, Inc., No. 10-15333, 2010 WL 4117102, at *1 (9th Cir. Oct. 20, 2010) (stating the plaintiffs "lacked standing to bring a claim for 'wrongful foreclosure,' because they failed to allege actual, full and unambiguous tender of the debt owed on the mortgage"). Plaintiffs do not allege credible tender of the amount of debt owed, or their ability to tender, notwithstanding having previously been given opportunity.

Since Plaintiffs' wrongful foreclosure claim was previously dismissed with leave to amend for the same reasons, and Plaintiffs have again failed to "allege tender of the amount of debt owed," further leave to amend would be futile. (Order 19:1-3, 20:5-6.) Therefore, Plaintiffs' wrongful foreclosure claim against the Movants is dismissed with prejudice.

///

### L.   Civil Conspiracy

Movants also seek dismissal of Plaintiffs' civil conspiracy claim, arguing, *inter alia*, it is not an independent cause of action and Plaintiffs have not pled an underlying tort against them. (MortgageIT's Mot. 15:24-28; Wells Fargo Defs.' Mot. 15:11-15.)

"Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equip. Corp., Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510 (1994) (internal citation omitted). "Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort." Id. at 511. Further, to allege a civil "conspiracy to defraud," a complaint must meet the particularity requirements of Rule 9(b). Sandry v. First Franklin Fin. Corp., No. 1:10-cv-01923-OWW-SKO, 2011 WL 202285, at *4 (E.D. Cal. Jan. 20, 2011).

Plaintiffs' tort claims have been dismissed against the Movants, and Plaintiffs' conclusory allegations that Defendants "agreed . . . to engage in [a] conspiracy to defraud" Plaintiffs "for the common purpose of accruing economic gains for themselves at the expense of and detriment to Plaintiffs" do not provide the specificity required by Rule 9(b). (FAC ¶ 115.)

Since Plaintiffs' civil conspiracy claim was previously dismissed with leave to amend for the same reasons, and Plaintiffs have again failed to allege sufficient underlying tort claims, further leave to amend would be futile. (Order 12:19-20, 20:5-6.) Therefore, Plaintiffs' civil conspiracy claim against the Movants is dismissed with prejudice.

**IV. CONCLUSION**

For the stated reasons, each Movant's dismissal motion is GRANTED. Plaintiff is granted fourteen (14) days from the date on which this order is filed to file a Second Amended Complaint addressing the deficiencies in any claim dismissed without prejudice.

Plaintiff is warned that a dismissal with prejudice could be entered under Federal Rule of Civil Procedure 41(b) if Plaintiff fails to file an amended complaint within the prescribed time period.

Dated:  September 26, 2011

GARLAND E. BURRELL, JR.
United States District Judge