IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
CONSTANCE SOLANO and the SOLANO   )
FAMILY TRUST,                     )   2:10-cv-02426-GEB-GGH
                                  )
          Plaintiffs,             )
                                  )   ORDER OF DISMISSAL
     v.                           )
                                  )
AMERICA'S SERVICING COMPANY, a    )
division of WELLS FARGO, NA;      )
MORTGAGEIT, INC.; MORTGAGE        )
ELECTRONIC REGISTRATION SYSTEMS,  )
INC.; NDEX WEST, LLC; FINANCIAL   )
TITLE COMPANY; U.S. BANK NA;      )
BANC OF AMERICA FUNDING 2007-6    )
TRUST; MORTGAGE AND INVESTORS     )
INVESTMENT CONSULTANTS, INC.,     )
                                  )
          Defendants.             )
_____  )
                                  )
```

Plaintiffs failed to file an amended complaint within the time provided in an order filed on September 27, 2011. The September 27, 2011 order granted Defendants' Federal Rule of Civil Procedure ("Rule") 12(b)(6) dismissal motion, provided Plaintiffs fourteen (14) days within which to file a Second Amended Complaint, and warned Plaintiffs "that a dismissal with prejudice could be entered under [Rule] 41(b) if Plaintiffs fail[] to file an amended complaint within the prescribed time period." (ECF No. 54, 25:6-8.) Plaintiffs did not file an amended complaint within the prescribed time period. Therefore, this action will

be dismissed with prejudice under Rule 41(b) because of Plaintiffs' failure to comply with the September 27, 2011 order.

Rule 41(b) allows the court to dismiss an action for failure to file an amended complaint within the period specified in an order. See Yourish v. Cal. Amplifier, 191 F.3d 983, 986 (9th Cir. 1999)("Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim."). When determining whether a dismissal sanction is appropriate, "the district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Id. at 990 (quotation and citations omitted).

The first and second factors weigh in favor of dismissal in this case because Plaintiffs' non-compliance with the above-referenced order has impaired the public's interest in expeditious resolution of litigation and undermines the Court's ability to manage its docket. See Yourish, 191 F.3d at 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."); Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1991)("District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion.").

The third factor concerning the risk of prejudice to Defendants considers the strength of a plaintiff's excuse for non-compliance. See Pagtalunan, 291 F.3d at 642-43 ("[T]he risk of prejudice [is related] to the plaintiff's reason for defaulting."). Since Plaintiffs have provided no reason for their non-compliance, the third factor also favors dismissal.

The fourth factor concerning the public policy favoring disposition of cases on their merits, weighs against dismissal of Plaintiffs' case. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.").

The fifth factor concerning whether the Court has considered less drastic sanctions, also weighs in favor of dismissal since Plaintiffs failed to amend its complaint within the prescribed time period despite the warning that the action could be dismissed with prejudice as a result. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.").

Since the balance of the factors favors dismissal of this action with prejudice, this action is dismissed with prejudice and judgment shall be entered in favor of Defendants.

Dated: October 25, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

3